IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                           CASE NO. 4:23-CR-00150-BSM

CHRISTOPHER MONROE
Reg No. 63386-510                                            DEFENDANT

## ORDER

Christopher Monroe's *pro se* motion for compassionate release [Doc. No. 45] is

denied because there are not extraordinary and compelling circumstances to warrant early

release. *See* 18 U.S.C. § 3582(c)(1)(A).

Monroe pled guilty to possession with intent to distribute methamphetamine,

possession with intent to distribute fentanyl, felon in possession of a firearm, and possession

of a firearm in furtherance of a drug-trafficking crime. *See* Doc Nos. 36–37. Monroe was

sentenced to a total of 215 months imprisonment on October 25, 2024. Doc. Nos. 42–43.

Monroe now requests compassionate release based on family circumstances, specifically

caring for his elderly mother whom he claims he is the only available caregiver.

Although there are occasions when family circumstances qualify as an extraordinary

and compelling reason for early release, *see* U.S.S.G. § 1B1.13(b)(3)(A) and (C), Monroe's

motion is denied for three reasons. First, compassionate release is not warranted because

Monroe's violent criminal history indicates he is a danger to the community. PSR ¶¶ 11, 31,

44–47. Second, Monroe's claim that he is the only person available to care for his 78 year

old mother is unconvincing. Although Monroe presents a sympathetic figure, the medical

records he provides do not specifically show that his mother is incapacitated and he has failed to show that his four siblings and his mother's sister, despite her advancing age, are unable to care for her. *See United States v. Medearis*, No. 3:20-CR-30077-RAL, 2024 WL 5252488 (D.S.D. Dec. 31, 2024), aff'd, No. 25-1117, 2025 WL 2096843 (8th Cir. Feb. 21, 2025) (defendant must be the *only* available care-giver). Third, rehabilitation alone is not enough to warrant a sentence reduction. 28 U.S.C. § 994(t).

At sentencing, the section 3553(a) factors were considered in imposing a 215 month sentence and Monroe's record does not support a reduction. *See United States v. Ram*, No. 5:13-CR-50045, 2020 WL 3100837, at *3 (W.D. Ark. June 11, 2020) (no reason to revisit section 3553(a) factors when movant has not met his burden of showing extraordinary and compelling reasons to justify early release).

IT IS SO ORDERED this 7th day of July, 2026.

UNITED STATES DISTRICT JUDGE